**Gerrine HILL, Plaintiff–Appellant,**

v.

**FOREST RIVER, INC., an Indiana Corporation, Defendant–Appellee.**

No. 06–35863.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.*

Filed Aug. 8, 2008.

Kevin T. Lafky, Esq., Larry L. Linder, Esq., Lafky & Lafky, Salem, OR, for Plaintiff–Appellant.

Stephen E. Verotsky, Esq., Cummins Goodman Fish Denley & Vickers, Newberg, OR, for Defendant–Appellee.

Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM **

Gerrine Hill appeals the district court's denial of his motion for attorney fees and costs. Hill sued Forest River, his former employer, alleging that he was subjected to racial discrimination in the workplace. The parties eventually settled after Forest River submitted, and Hill accepted, an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. We conclude that the district court was justified in withholding attorney fees and costs from Hill because of its determination that the parties had a mutual understanding that the Offer of Judgment was inclusive of such costs.

A district court's decision to grant or deny attorney fees is generally reviewed for abuse of discretion, though any underlying findings of fact are reviewed for clear error, and any legal analysis is reviewed de novo. *Thomas v. City of Tacoma,* 410 F.3d 644, 647 (9th Cir.2005) (citing *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir.1985), and *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir.2000)). A prevailing plaintiff in a civil rights action "should ordinarily recover an attorney's fee [under 42 U.S.C. § 1988] unless special circum-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation omitted). We use a two-prong test to evaluate whether such special circumstances exist: "(1) whether allowing attorney's fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees." *Bauer v. Sampson*, 261 F.3d 775, 785–86 (9th Cir.2001) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir.1999)).

The district court applied this test and determined that the balance of the equities disfavored awarding attorney fees to Hill. The district court found that prior to litigation, the parties had engaged in settlement negotiations with the shared understanding that each offer was inclusive of attorney fees. Based on the parties' settlement negotiations and Hill's attorney's own admission that all previous offers were inclusive of attorney fees, the district court determined that the Offer of Judgment was also understood to be inclusive of attorney fees. The district court did not clearly err in drawing this conclusion. Accordingly, we affirm the district court's denial of attorney fees and need not reach the district court's alternative grounds.

We review a district court's decision to deny costs for an abuse of discretion. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1997). The district court denied Hill's request for the same reason as it denied attorney fees: the mutual understanding between the parties that the Offer of Judgment was inclusive of costs. The district court was well within its discretion in withholding attorney fees and costs.

The district court's order is **AFFIRMED**.